UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARVIN HOYTE,                              :
                                           :
        Petitioner,                    :
                                           :
  -against-                               :
                                           :
ERIC HOLDER,                               :
                                           :
        Respondent.                    :
--------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 25, 2011

10 Civ. 3460 (PAC) (JLC)

<u>ORDER ADOPTING R&R</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

    Marvin Hoyte petitions the Court, <u>pro se</u>, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). Hoyte claims that respondent Eric Holder ("Government") has violated his due process rights by subjecting him to indefinite incarceration pending deportation. On October 22, 2010, Magistrate Judge James L. Cott issued a Report & Recommendation ("R&R") advising that Hoyte's petition be dismissed because the Court does not have subject matter jurisdiction. Having reviewed the R&R, as well as Hoyte's timely objections, the Court adopts Magistrate Judge Cott's recommendations in full and denies Hoyte's petition.

## BACKGROUND

**I.    Facts[1]**

    Hoyte is a native and citizen of Guyana who was admitted to the United States as a lawful permanent resident in 1979. (R&R at 2.) On or about December 12, 2008, Hoyte was served with a Notice to Appear, charging him with being removable under the Immigration and Nationality Act ("INA") as an alien who had committed an aggravated felony. (<u>Id.</u>) Hoyte was

---

[1] The facts of this section are taken from the R&R.

immediately taken into ICE custody at the Varick Detention Facility in Manhattan and transferred to York County Prison in Pennsylvania the following day.  (Id. at 1, 3.)

On May 5, 2009, Immigration Judge Walter A. Durling issued a final order of removal. (Id.)  By notice dated June 10, 2009, Hoyte was informed that he was required to cooperate with ICE to facilitate his removal to Guyana; and that if he was not removed within 90 days, his custody status would be reviewed "on or about August 19, 2009" for consideration of release pursuant to an order of supervision.  (Id. at 3.)

On June 19, 2009, Hoyte was transferred to the custody of the Queens County District Attorney's Office, pursuant to a February 6, 2009 bench warrant issued by New York State, charging Hoyte with criminal sale of a controlled substance in the third degree under New York Penal Law ("N.Y.P.L.") § 220.39.  (Id.)  The same day, ICE issued an Immigration Detainer. (Id.)  On August 11, 2009, Hoyte was transferred back to ICE custody.  (Id.)  Two days later, he was again transferred to the custody of the Queens County District Attorney's Office, pursuant to an arrest warrant dated August 11, 2009 alleging another violation of N.Y.P.L. § 220.39.  (Id.) Hoyte remains in the custody of the New York City Department of Corrections ("NYCDOC") at the George Motchan Detention Center ("GMDC") on Rikers Island, pending criminal charges. (Id. at 2-3.)

## II.  Procedural History

On April 26, 2010, Hoyte filed the instant petition for writ of habeas corpus, alleging that his "detention is in violation of due process of law and unauthorized under [] [] § 241 of the INA." (Id. at 4.)  He claims that his continued detention since May 5, 2009 violates Zadvydas v. Davis, 533 U.S. 678 (2001).  (R&R at 4.)  Hoyte claims that he has cooperated with ICE to

facilitate his removal, but that the Guyanese Consulate has advised him that it will not issue him a travel document. (Id.)

On June 11, 2010, the Government moved to dismiss Hoyte's petition on various grounds, including lack of subject matter jurisdiction because Hoyte is not presently in ICE custody or detained pursuant to the order of removal. (Id.) Hoyte contends that he has been in ICE custody since December, 2008 and the removal period commenced on May 5, 2009, when the Immigration Court issued the removal order. (Id. at 4-5.) By Order dated September 2, 2010, Magistrate Judge Cott granted Hoyte's request to amend his petition to "add information to the papers already held." (Id. at 5.) Hoyte filed an addendum ("Addendum") on September 30, 2010, challenging the legality of the removal order.[2] (Id.)

On October 22, 2010, Magistrate Judge Cott issued an R&R, recommending that Hoyte's petition be dismissed for lack of subject matter jurisdiction. He reasoned that Hoyte is not in ICE custody, and should have named the individual with the ability to produce him—the warden of GMDC as respondent, not Attorney General Holder, (R&R at 6). Magistrate Judge Cott also concluded that the due process claim is premature and that the Court lacks subject matter jurisdiction to review the removal order. (Id. at 7, 11.)

Hoyte filed an objection to the R&R on October 29, 2010. ("Obj."). He argues that the court has subject matter jurisdiction over his petition since he is under ICE's "restraining order" and, therefore, confined by ICE. (Obj. at 1.) Hoyte also maintains that his due process claim is not premature because he was in ICE detention from May 5, 2009 to August 6, 2009—92 days since the final removal order was issued. (Id.) Hoyte claims that the June 19, 2009 transfer to the custody of the Queens County District Attorney's Office never occurred; and that his records

---

[2] Hoyte alleges that the offenses underlying his removal are not felony convictions and, consequently, that the removal should be canceled under section 212(c) of the INA. (R&R at 11 n.6.)

are "grossly in error," "manufactured," and "fabricated." (Id. at 1-2.) Rather, Hoyte claims, he was first transferred to GMDC on August 6, 2009; transferred back to ICE custody from August 11 to August 13, 2009; and then transferred back to GMDC. (Id. at 2-3.)

### III.  Discussion

Since Hoyte is proceeding pro se, the Court construes his papers liberally "to raise the strongest arguments that they suggest." Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made, the Court must review the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). It may, however, "adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

#### A.  Subject Matter Jurisdiction Over the Petition

A district court may grant habeas corpus to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The proper respondent is the individual with the ability to produce the petitioner. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). For core habeas petitions, challenging "the physical custody of the petitioner," rather than "the underlying immigration decision," "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435, 447. "[C]ourts in this district have found that the Attorney General is a proper respondent in immigration habeas petitions, but only when the habeas petition is a non-core petition, that is,

where it challenges the underlying immigration decision, as opposed to the physical custody of the petitioner." Shehnaz v. Ashcroft, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004). But see Farez-Espinoza v. Chertoff, 600 F. Supp. 2d 488, 494 (S.D.N.Y. 2009) (Baer, J.) ("Attorney General is a proper respondent in immigration cases where the petitioner challenges her detention under the immigration laws.").

The Court rejects Hoyte's argument that he is in ICE custody pursuant to a final order of removal. He cites Simmonds v. INS, 326 F.3d 351 (2d Cir. 2003), which held that alien prisoners challenging final removal orders are in the constructive custody of INS, even if they are in the physical custody of the state. Constructive custody, however, applies only when future physical confinement is challenged—not present physical confinement, as is the case here. See id. at 354, 356; see also Daumutef v. INS, No. 02 Civ. 1345 (DGT), 2003 WL 21087984, at *3 (E.D.N.Y. May 14, 2003) ("[U]nder Simmonds, constructive custody is only available insofar that a petitioner is challenging the future confinement."), aff'd on other grounds, 386 F.3d 172 (2d Cir. 2004). Hoyte is not, therefore, in ICE custody. Rather, the record shows that he is in NYCDOC's custody based on an arrest warrant issued by the Queens County District Attorney's Office, pending criminal charges for violation of state narcotics laws. (R&R at 6.) Accordingly, the Court adopts the R&R and dismisses the petition for lack of subject matter jurisdiction.

### B. Due Process Claim

Once the immigration court issues an order of removal, the Attorney General has 90 days to remove the alien from the United States. Id. § 1231(a)(1)(A). The 90-day removal period starts on the latest of the following:

>> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Id. § 1231(a)(1)(B).  Aliens who have been ordered removed for having committed an aggravated felony under section 1227, like Hoyte, may be detained beyond the 90-day removal period.  See id. § 1231(a)(6).  Further, due process concerns are not ripe for consideration until the alien has been detained for six months after the final removal order.  See Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

Hoyte has not been detained by ICE for the requisite 90-day removal period.  The order of removal was issued on May 5, 2009; Hoyte was brought to New York State on June 19, 2009; Hoyte was transferred back to ICE custody for two days between August 11 and August 13, 2009; and then again transferred to New York State's custody.  (R&R at 9-10.)  Even assuming the Hoyte's transfers to state custody tolled the removal period, he has only been detained by ICE for 47 days and, therefore, no due process claim has accrued.

**C.  Subject Matter Jurisdiction Over the Removal Order**

The courts of appeals have exclusive jurisdiction over petitions for review of removal orders, and may make such reviews only if the petitioner has exhausted administrative remedies. 8 U.S.C. § 1252(a)(5), (d)(1).  This Court, therefore, is without jurisdiction to review Hoyte's removal order.

-7-

## CONCLUSION

For the foregoing reasons, Hoyte's petition for a writ of habeas corpus is denied. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). Accordingly, the Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
March 25, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Marvin Hoyte
#441-09-09203
15-15 Hazen Street
East Elmhurst, NY 11370


Kirti Vaidya Reddy
Assistant United States Attorney
United States Attorney's Office, Civil Division
86 Chambers Street, 3rd Floor
New York, NY 10007